RECEIVED
JUL - 2 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY FONTENOT | CIVIL ACTION NO. 1:12-CV-545 |
| VERSUS | JUDGE DRELL |
| RAPIDES PARISH WORK PROGRAM, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Anthony Fontenot, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. He complains that his personal property was lost when he was transferred from the work release program back to the Rapides Parish Detention Center and that he was denied timely medical care at that detention center. He names as defendants the "Rapides Parish Transitional Work Program," the Rapides Parish Detention Center, Jay Slayter, Arthur Lebrane, and Mac Dyes.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff complains that, on December 6, 2011, he was transferred from Rapides Parish Transitional Program to the Rapides Parish Detention Center by Lt. Arthur Lebrone due to a disciplinary

infraction. Plaintiff alleges that Lebrone told him that he was not allowed to bring his property with him, so he left his property - including his blood pressure medication - behind. Upon Plaintiff's arrival at the Rapides detention center, he learned that this information given to him by Lebrone was incorrect. Plaintiff tried to have his belongings sent to him from the transitional program, but he received no response to his requests.

Plaintiff alleges that he sent letters and complaints to Warden Slayter, Lt. Lebrane, and Capt. Dyes stating that he was experiencing various symptoms due to the lack of his blood pressure medication, but he received no reply. He was finally examined by a nurse on January 6, 2012, and transported to the Huey P. Long walk in clinic in Pineville. Plaintiff's blood pressure was high, so the doctor prescribed medication. He complains that he had to wait four days for the prescription to be filled.

Plaintiff was transferred to Catahoula Correctional on January 16, 2012. He claims that it was in retaliation for complaining bout his medical care. He states, "they ship me to a parish jail instead of to Department of Correction like I ask."

## Law and Analysis

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983.

1.  **Due Process - Lost Property**

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983. In <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. <u>Id.</u>, 451 U.S. at 536-37. This is known as the "Parratt/Hudson doctrine."

Plaintiff complains that the officers lost his property that he mistakenly left at his work release facility. Even to the extent that he may claim the loss was intentional, his claim fails. It is well-settled that, even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the

3

prison facility. La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992). Plaintiff's claim regarding lost property is clearly barred by the *Parratt/Hudson* doctrine.

**2. Delayed medical care**

Plaintiff alleges that he sent a letter to the warden on December 8, 2011, presumably regarding his blood pressure medication. The warden responded that Plaintiff was being transferred. Plaintiff wrote a letter on December 9, 2011 to Lt. Lebrane and Capt. Dyes about his medication and property that was left at the work release facility. [Doc. #1, p.5] On December 19, 2011, Plaintiff filed an adminstrative remedy procedure and requested a transfer to Hunt Correctional Center. On January 6, 2012, Plaintiff was finally examined by the nurse and transported to the Huey P. Long clinic. Four days later, Plaintiff received his prescription for blood pressure medication.

"Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff has not alleged that he suffered any substantial harm as a result of the one month delay in receiving medical

4

treatment for high blood pressure. His claim should be denied. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993), see also Harris v. Ashby, 45 Fed.Appx. 325 (5th Cir. 2002)(unpublished); Lacy v. Shaw, 357 Fed.Appx. 607, 2009 WL 4885183 (5th Cir. 2009)(four-week delay in treating schizophrenic inmate's complaints of anxiety and insomnia did not state a constitutional claim; even if the lapse were the fault of the doctor, the inmate did not allege any substantial harm from the "moderate delay").

### 3. Retaliation

Reading Plaintiff's complaint most liberally, he alleges that he was transferred to Catahoula Correctional instead of a DOC facility because he filed an administrative grievance and notice of intent to file suit with the correctional center. To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that, but for the retaliatory motive, the complained of incident would not have occurred. See Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995). The inmate must allege motivation or "allege a chronology of events from which retaliation may plausibly be inferred." Id. (citations omitted).

Although Plaintiff was transferred after filing a grievance in January 2012, he was told in December 2011 - *prior* to filing the grievance - that he was being transferred. [Doc. #1, p.5] Plaintiff alleged that he was transferred to Rapides Parish Detention Center

from work release on December 6, 2011; and, on December 8, 2011, the warden told him that he was being transferred to another facility. Plaintiff's transfer was pending well before he filed a grievance. He has not and can not allege a chronology of events from which retaliation may be inferred.

Moreover, a prisoner has no constitutional right of any kind springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983). Additionally, Louisiana law contemplates and authorizes the housing of D.O.C. prisoners in parish jails if necessary. See La.Rev.Stat.Ann. 15:824.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED** with prejudice as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. USAA, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 2nd day of July, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE